UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YOU MOU LI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-236-SRC |
| | ) |
| CHAD WOLF, Acting Secretary of | ) |
| Department of Homeland Security, | ) |
| | ) |
| WILLIAM BARR, U.S. Attorney General, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff You Mou Li for leave to commence this civil action without payment of the required filing fee. (ECF No. 2). The Court has reviewed the motion and the financial information provided therein, and will grant the motion. Additionally, the Court will direct the Clerk of Court to issue process or cause process to be issued on Defendants Chad Wolf and William Barr, and also upon United States Attorney Jeffrey B. Jensen.

**Legal Standard**

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Background**

On February 11, 2020, plaintiff, a refugee or asylee residing in the United States, filed a complaint seeking to compel defendants Chad Wolf, Acting Secretary of the Department of Homeland Security, and William Barr, U.S. Attorney General (collectively "defendants") to adjudicate his Form I-730, Refugee/Asylee Relative Petition ("Form I-730") that plaintiff filed on behalf of his spouse on June 15, 2015 with the United States Citizenship and Immigration Services

("USCIS"). A Form I-730 may be used by an individual who has been admitted to the United States as a refugee or asylee to petition for an alien spouse or child to be awarded derivative asylum status. *See* 8 U.S.C. § 1158(b)(3)(A) ("a spouse or child . . . of an alien who is granted asylum under this subsection may, if not otherwise eligible for asylum under this section, be granted the same status as the alien if accompanying, or following to join, such alien.").

The following two exhibits are attached to the complaint: (1) a Receipt Notice issued by the USCIS acknowledging receipt of plaintiff's Form I-730; and (2) a USCIS letter dated November 21, 2019. (ECF No. 1-1 at 2-4). The November 21, 2019 USCIS letter was in response to plaintiff's request for a status update of his pending Form I-730. The letter stated that plaintiff's Form I-730 was "under active examination" and acknowledged his case was "outside of the normal processing time," but could not "provide [plaintiff] with a definitive timeframe" in which his petition would be adjudicated. *Id.* at 4. As of the date of this Memorandum and Order, plaintiff's Form I-730 remains pending.

## Discussion

Plaintiff did not allege a violation of a specific federal statute or constitutional provision in his complaint. However, the Court will construe this action as one brought pursuant to the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* ("APA"). *See Solomon*, 795 F.3d at 787 (citation omitted) ("if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.").

"[T]he grant of derivative status to the spouse of a successful applicant for asylum is not automatic but requires an exercise of discretion by the immigration authorities." *Miljkovic v.*

*Ashcroft*, 366 F.3d 580, 582 (7th Cir. 2004) (citing 8 C.F.R. § 208.21(a); *Bucur v. INS*, 109 F.3d 399, 402–03 (7th Cir. 1997)); *see also Huli v. Way*, 393 F. Supp. 2d 266, 270 (S.D.N.Y. 2005) ("The decision to grant derivative asylum status is entirely discretionary."). "The ultimate decision to grant or deny [an] I-730 petition is . . . insulated from judicial review" because of the discretionary nature of the decision. *Doe v. Risch*, 398 F. Supp. 3d 647, 655 (N.D. Cal. 2019) (citing 8 U.S.C. § 1158(b)(3)(A)).

However, courts have "subject matter jurisdiction over claims that an agency has *unlawfully withheld* or *unreasonably delayed* the processing of immigration-related petitions" . . . "[e]ven where no time limits are imposed by the enabling-statute[.]" *Id.* at 655 (emphasis in original) (plaintiff successfully brought action to request adjudication of his Form I-730 pursuant to the Mandamus Act and the APA); *see also You Zeng Huang v. Nielsen*, 2018 WL 2725444, at *1 (D. Conn. Jun. 6, 2018) (self-represented plaintiff brought action seeking district court to order the Department of Homeland Security and USCIS to adjudicate his Form I-730 pursuant to the Mandamus Act, court issued summonses to defendants); 5 U.S.C. § 706 (courts shall "compel agency action unlawfully withheld or unreasonably delayed.").

Because plaintiff is not seeking review of a decision to grant or deny derivative asylum status, but instead seeks to compel the defendants to adjudicate his pending Form I-730 petition, which they are required to do, the Court will order the Clerk of Court to issue process or cause process to be issued on Defendants. *See Org. for Competitive Markets v. U.S. Dep't of Agric.*, 912 F.3d 455, 462 (8th Cir. 2018) (agency delay issues may be brought under the Mandamus Act or the APA); *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 391 (S.D.N.Y. 2004) (court has subject matter

jurisdiction under the APA to determine whether a 42-month delay in adjudicating an immigration-related petition is unreasonable).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to proceed herein without paying fees or costs (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on the complaint by serving Defendant Chad Wolf by issuance of summons by the United States Marshal's Service at:

> The Honorable Chad F. Wolf
> Acting Secretary of Homeland Security
> Washington, D.C. 20528

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on the complaint by serving Defendant William Barr by issuance of summons by the United States Marshal's Service at:

> U.S. Department of Justice
> Attn: William Barr, U.S. Attorney General
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on the complaint by serving United States Attorney Jeffrey B. Jensen by issuance of summons by the United States Marshal's Service at:

Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102

Dated this 4th day of March, 2020.

_SL R. CR_

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE