**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| YOU MOU LI, | ) |
|     Plaintiff(s), | ) |
| v. | ) |
| CHAD WOLF, *Acting Secretary of Department of Homeland Security*, | ) Case No. 4:20-cv-00236-SRC |
|     and | ) |
| WILLIAM BARR, *U.S. Attorney General*, | ) |
|     Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss Due to Mootness [Doc. 6]. The Court grants the Motion.

**I.     BACKGROUND**

Plaintiff You Mou Li, a refugee or asylee residing in the United States, filed an I-730 Refugee Asylee Relative Petition on behalf of his wife, Xiu Lin Yuan, on June 15, 2015.  Doc. 1. Over 55-months later, on February 11, 2020, Li filed this lawsuit *pro se* requesting that the Court order Defendants to adjudicate his pending I-730 Petition.  *Id.*  Li also filed an *in forma pauperis* motion, seeking leave to proceed with this action without paying the required filing fee.  Doc. 2. On March 4, 2020, this Court granted Li's *in forma pauperis* motion, and ordered summonses be issued and served on the Defendants.  Doc. 3.  On March 20, 2020, the United States Citizenship and Immigration Services granted Li's I-730 Refugee Asylee Relative Petition.  Doc. 7 at p. 1 and 7-1 (Notice of Action).  Defendants received service of this lawsuit on April 2, 2020, nearly

1

two weeks after the granting of Li's I-730 Petition. Doc. 7 at p. 1. Defendants now move the Court to dismiss Li's lawsuit for lack of subject-matter jurisdiction[1]. Doc. 6. Li has not filed a response to Defendants' Motion, and the time to do so has passed.

## II.     STANDARD

Under Fed. R. Civ. P. 12(b)(1), a party may move to dismiss an action based on lack of subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998) (internal citations and quotation marks omitted). The Eighth Circuit has held that "[i]n deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle by & through Croyle v. United States,* 908 F.3d 377, 380 (8th Cir. 2018). To survive a motion to dismiss for lack of subject-matter jurisdiction, the party asserting jurisdiction has the burden of establishing that subject-matter jurisdiction exists. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.,* 235 F.3d 1109, 1112 (8th Cir. 2000).   The present Motion presents a factual attack.

## III.     DISCUSSION

Defendants argue that because Li's I-730 Refugee Asylee Relative Petition is not only adjudicated, but also approved, this matter is moot. Doc. 7 at p. 2. Defendants further contend that because this matter is moot, it no longer constitutes a "case" or "controversy," and therefore, the Court lacks subject-matter jurisdiction. *Id.* at 2–3. The Court agrees.

---

[1] Li's Complaint does not allege violation of a specific federal statute or constitutional provision. The Court construes Li's *pro se* complaint as one brought pursuant to the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701, *et seq. See* Doc. 3 at p. 3.

Article III of the United States Constitution limits federal court jurisdiction to actual "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1. A case or controversy must be present at the commencement of a lawsuit and must continue throughout all stages of the lawsuit. *Brazil v. Arkansas Department of Human Services*, 892 F.3d 957, 959 (8th Cir. 2018). "[W]hen the issues presented are no longer live or the parties lack a cognizable interest in the outcome," a case or controversy under Article III no longer exists because the litigation has become moot. *Id.* (citations and quotation marks omitted). "Generally, a claim is moot when changed circumstances already provide the requested relief and eliminate the need for court action." *Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 791 (8th Cir. 2018) (quotation marks omitted) (quoting *McCarthy v. Ozark Sch. Dist.,* 359 F.3d 1029, 1035 (8th Cir. 2004)).

The Court finds that the United States Citizenship and Immigration Services provided Li with all the relief sought in his Compliant by adjudicating and approving Li's I-730 Refugee Asylee Relative Petition. Docs. 1 and 7-1 (Notice of Action). Further, the Court finds that Li's Complaint is now moot because there is no need for court involvement. *Hillesheim,* 903 F.3d at 791. Since Li's Complaint is now moot, this matter no longer constitutes an actual "case" or "controversy." *Brazil,* 892 F.3d at 959. As a result, the Court finds it no longer has subject-matter jurisdiction under Article III of the United States Constitution, and therefore must dismiss this case.

**IV:     CONCLUSION**

For the foregoing reasons, the Court grants the Motion to Dismiss [Doc. 6] filed by Defendants Chad Wolf, Acting Secretary of Department of Homeland Security, and William Barr, U.S. Attorney General. Furthermore, the Court dismisses this case without prejudice for lack of subject-matter jurisdiction.

3

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Due to Mootness [Doc. 6] is GRANTED.

So Ordered this 4th day of May.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**